IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ZVI GUTTMAN | * |
| | * |
| v. | *   Civil No. JFM-06-2045 |
| | * |
| LIBERTY MUTUAL FIRE | * |
| INSURANCE COMPANY | * |
| ****** | |

MEMORANDUM

I.

Liberty Mutual Fire Insurance Company ("Liberty Mutual") issued a homeowner's insurance policy to Carnether Sarah Proctor for the policy period from January 28, 2001 to January 28, 2002. In 2003 Brandon Robinson sued Proctor in the Circuit Court for Baltimore City, alleging that Proctor's daughter shot Robinson in the eye with a BB pistol on September 11, 2001. Proctor did not notify Liberty Mutual of the lawsuit, as required by the terms of her policy.       On January 7, 2004, a default order was entered against Proctor in the Robinson action, and the Baltimore City Circuit Court set an inquisition hearing for damages on March 7, 2005. On September 29, 2004, almost nine months after the default order was entered, Proctor notified Liberty Mutual of the action brought by Robinson. On January 31, 2005, Liberty Mutual disclaimed coverage on the basis of Proctor's untimely notice.

On March 7, 2005, the inquisition hearing was held in the Circuit Court for Baltimore City. The Circuit Court entered judgment against Proctor in the amount of $508,938.86.

Thereafter, Proctor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. This action is brought by Zvi Guttman, the trustee of Proctor's bankruptcy estate, against Liberty Mutual. In count I, Guttman asserts a claim for "insurance bad faith," based upon

Liberty Mutual's failure to defend Proctor and to settle the claim asserted in the brought by Robinson lawsuit. Plaintiff requests compensatory and punitive damages on her bad faith claim in the amount of $1 million. In count II Guttman asserts a claim for breach of contract and seeks damages in the amount of $100,000 (the coverage limit under the policy issued by Liberty Mutual to Proctor).

## II.

Liberty Mutual has filed a motion for partial judgment on the pleadings as to plaintiff's bad faith claim asserted in count I.

Maryland law is clear that a bad faith claim does not lie "when a liability insurer erroneously takes the position that it has no contractual obligation with respect to a particular claim." *Mesmer v. Maryland Auto. Ins. Fund*, 353 Md. 241, 263, 725 A.2d 1053, 1064 (1999). In such a case the insurer "is liable only for breach of contract." *Id*. The Court of Appeals has explained that "[i]t is when the defendant has proceeded on the basis that a contractual obligation exists, has undertaken that obligation, and has undertaken it in violation of the appropriate standard of care, that the plaintiff may, in some circumstances, maintain a tort action." *Id*. at 254, 725 A.2d at 1059.

In the present case the complaint expressly alleges that Liberty Mutual "disclaimed coverage on January 31, 2005," and "did not provide Ms. Proctor with counsel or a defense in connection with the Inquisition Hearing." Compl. ¶¶ 17, 19. Nevertheless, plaintiff argues that "Liberty Mutual in fact assumed the responsibility of providing a defense," *see Kremen v. Maryland Auto. Ins. Fund*, 363 Md. 663, 673, 770 A.2d 170, 176 n.10 (2001), because "Liberty Mutual engaged in negotiations regarding the claim against the insured and had an opportunity to

settle the claim for less than policy limits." Pl.'s Opp. Memo. at 4. Plaintiff has made no specific factual allegations to support this argument. All that plaintiff points to are allegations in the complaint that "[o]n several occasions between October 2004 and March 2005, Mr. Gilman [counsel for plaintiff in the action brought by Robinson] communicated with Liberty Mutual and advised that he would agree to vacate the Default Order entered against Ms. Proctor as soon as Liberty Mutual appointed counsel in the case. Compl. ¶ 16. Obviously, Mr. Gilman's alleged representation that he would "vacate the Default Order" is something far different than an offer to settle within policy limits, which is a necessary predicate for a bad faith action. *See generally Firemen's Fund v. Cont'l Ins. Co.*, 308 Md. 315, 317, 519 A.2d 202 (1987) (noting insurer "repeatedly refused to accept settlement offers" within policy limits"). Moreover, in the very next paragraph of the complaint, plaintiff alleges that in response to Gilman's offer to vacate the Default Order, "Liberty Mutual never agreed to provide a defense for Ms. Proctor."

Liberty Mutual therefore is entitled to judgment on the pleadings as to plaintiff's bad faith claim. Because that claim is the only claim that would support a request for punitive damages, the request for punitive damages is stricken.

A separate order effecting the rulings made in this memorandum is being entered herewith.


Date: February 22, 2006        /s/_____
                               J. Frederick Motz
                               United States District Judge